CHARLES WESSOLOWSKY, administrator, plaintiff in error, *vs*. JAMES P. BRINSON *et al.*, defendants in error.

Where executors, under authority of the chancellor, turn over to legatees a portion of the lands of the estate, before the time appointed by the will, taking a receipt from them in full of their interest in the estate, and subsequently, on a bill filed by the administrator *de bonis non*, to marshal the assets, to which such legatees were not parties, it was decreed that such lands be sold, the remainder of the purchase money paid out of the proceeds, and the balance applied to the payment of the debts of the estate:

*Held*, that the discretion of the chancellor, exercised in enjoining such sale until the final hearing, at the instance of such legatees, will not be controlled.

Administrators and Executors. Equity. Injunction. Before Judge HANSELL. Dougherty County. At Chambers. December 21, 1876.

Wessolowsky, administrator *de bonis non* of Matthew Brinson, in 1874, filed his bill to marshal the assets of the estate of the deceased. A decree was rendered subjecting the land to sale to pay the debts of the estate; and it is to enjoin such sale that the present bill was filed. The other facts of this case are reported in the decision.

STROZER & SMITH; WARREN & HOBBS, for plaintiff in error.

FLEMING & RUSSELL; W. T. JONES, for defendants.

WARNER, Chief Justice.

The complainants filed their bill against the defendant as administrator *de bonis non* of Matthew Brinson, deceased, praying for an injunction to restrain the defendant as administrator aforesaid, from selling certain described lands therein mentioned, under a decree of the court, to marshal the assets of said Brinson's estate. The presiding judge granted the injunction prayed for, whereupon the defendant excepted.

The alleged equity in complainants' bill is, that by the

will of Matthew Brinson, he directed that his estate should be kept together until his youngest child should become of age or marry, and that as his other children should become of age or marry, they were to have an equal share of his personal property, to be set off to them by appraisers to be appointed by the court of ordinary of Dougherty county. The complainants allege that the executors of Brinson purchased the land in question with the money belonging to his estate, and that on their becoming of age, they agreed with the executors to take the land so purchased, as their share of the estate under the will, and that the executors obtained an order from the chancellor authorizing that arrangement to be carried into effect; that complainants receipted the executor in full for their share of the testator's estate, and went into possession of said land in 1869, and have been in possession of the same ever since, claiming it as their own, and have made valuable improvements thereon; that at the time they received the land as before stated, the estate of the testator was entirely solvent, but became insolvent by the bad management of his legal representatives afterwards; that at the time the decree was rendered to marshal the assets of the estate, the land in question was no part thereof, and that inasmuch as the complainants were not made parties to that bill, the land, as their individual property, was not bound or affected by that decree. It also appears that a part of the purchase money for the land is still due by the executors, which the complainants allege in their bill they offered to pay to the defendant as administrator aforesaid, which he refused to accept.

In view of the allegations contained in the complainants' bill, and the affidavits in the record in support thereof, we find no error in the judgment of the chancellor granting the injunction until a final hearing of the cause, which will authorize this court to control it according to its general rulings in injunction cases.

Let the judgment of the court below be affirmed.